UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| CURTIS EDWARD JACKSON,<br><br>        Petitioner,<br><br>  v.<br><br>WARDEN CARLIN,<br><br>        Respondent. | Case No. 3:18-cv-00376-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

Pending before the Court is a Petition for Writ of Habeas Corpus filed by Idaho prisoner Curtis Edward Jackson, challenging Petitioner's state court convictions on three counts of lewd conduct with a minor under the age of sixteen. (Dkt. 3.) Respondent has filed a Motion for Partial Summary Dismissal, arguing that Claims 1(a), 1(b), 1(c), 2, 4, and 6 are subject to summary dismissal as procedurally defaulted or noncognizable. (Dkt. 14.) The Motion is now ripe for adjudication.

The Court takes judicial notice of the records from Petitioner's state court proceedings, which have been lodged by Respondent. (Dkt. 12.) *See* Fed. R. Evid. 201(b); *Dawson v Mahoney*, 451 F.3d 550, 551 n.1 (9th Cir. 2006).

The parties have consented to the jurisdiction of a United States Magistrate Judge to conduct all proceedings in this case in accordance with 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73. (Dkt. 8.) Having carefully reviewed the record, including the state court record, the Court finds that oral argument is unnecessary. *See* D. Idaho L. Civ.

R. 7.1(d). Accordingly, the Court enters the following Order granting Respondent's Motion in part and dismissing Claims 1(b), 1(c), 4, and 6 with prejudice. Because the Court concludes that Claims 1(a) and (2) are not procedurally defaulted, the Motion will be denied in remaining part.

## BACKGROUND

The facts underlying Petitioner's case will not be repeated here except as necessary to explain the Court's decision.

Petitioner was convicted by a Bonner County jury of three counts of lewd conduct with a minor. He was sentenced to concurrent unified terms of life imprisonment with fifteen years fixed. (State's Lodging D-9 at 1-2.) After his conviction, Petitioner moved for reduction of his sentence under Idaho Criminal Rule 35 and requested the appointment of counsel in that proceeding under Idaho Code § 19-852. The trial court denied the request for counsel, because Petitioner had not filed the required financial affidavit, and denied the Rule 35 motion. (State's Lodging A-1 at 193-94, 201-05.)

Petitioner appealed, arguing that the trial court should have excused a juror for cause and that he should have been appointed counsel in his Rule 35 proceedings. (State's Lodging B-1.) The Idaho Court of Appeals affirmed, and the Idaho Supreme Court denied review. (State's Lodging B-4, B-7.)

Petitioner then filed a post-conviction petition in the state district court. In relevant part, the initial pro se petition asserted Claim 1, including all sub-claims, as well as Claims 2 and 3. (State's Lodging C-1 at 4-22.) However, Petitioner later filed an

amended petition, through counsel, that asserted only Claims 1(a), 2, and 3. (*Id.* at 47-49.) The state district court dismissed the post-conviction petition, and Petitioner appealed.[1] (State's Lodging C-1 at 83-89.) The Idaho Court of Appeals affirmed, and the Idaho Supreme Court denied review. (State's Lodging D-9, D-12.)

In the instant federal habeas corpus petition, Petitioner asserts the following claims:

Claim 1: Ineffective assistance of trial counsel based on counsel's alleged failure to conduct an adequate pretrial investigation into (a) the credibility of and "inconsistent statements made by state[] witnesses," particularly the victim, "J.R."; (b) the "family dynamics" and disciplinary norms of J.R., "both at school and at home"; and (c) the "probability that J.R.'s sexual knowledge was acquired through the saturation of sexually explicit materials and media found throughout the home, and not by the Petitioner." (Pet., Dkt. 3, at 4-5.)

Claim 2: Ineffective assistance of trial counsel based on counsel's alleged failure to move for a change of venue. (*Id.* at 12.)

Claim 3: Ineffective assistance of trial counsel based on (a) counsel's alleged failure "to raise or preserve meritorious issues for appellate proceedings," specifically, the trial court's "erroneous denial of Petitioner's motion to excuse a biased juror (#34) for cause"; and (b) counsel's alleged failure to move to strike Juror Nos. 54 and 57. (*Id.* at 16-18.)

Claim 4: Violation of due process based on the state district court's dismissal of Petitioner's post-conviction petition. (*Id.* at 19-20.)

Claim 5: Violation of due process based on the trial court's refusal to excuse a biased juror for cause. (*Id.* at 25.)

---

[1] Petitioner was initially appointed counsel on appeal from the dismissal of his post-conviction petition. However, counsel later withdrew from representation with court approval. (State's Lodging D-1 through D-5.)

MEMORANDUM DECISION AND ORDER - 3

Claim 6: Violation of Petitioner's Sixth Amendment right to counsel based on the state district court's refusal "to appoint Petitioner an attorney to aid Petitioner in pursuit of a Rule 35 motion." (*Id.* at 36.)

The Court previously reviewed the Petition and allowed Petitioner to proceed on his claims to the extent those claims "(1) are cognizable in a federal habeas corpus action, (2) were timely filed in this Court, and (3) were either properly exhausted in state court or subject to a legal excuse for any failure to exhaust in a proper manner." (Dkt. 10 at 3.)

## DISCUSSION

Respondent now argues that Claims 1, 2, 4, and 6 are subject to dismissal. For the following reasons, the Court agrees only with respect to Claims 1(b), 1(c), 4, and 6.

**1. Standard of Law Governing Summary Dismissal**

The Rules Governing § 2254 Cases ("Habeas Rules") authorize the Court to summarily dismiss a petition for writ of habeas corpus when "it plainly appears from the face of the petition and any attached exhibits," as well as those records subject to judicial notice, "that the petitioner is not entitled to relief in the district court." Habeas Rule 4; *see* Fed. R. Evid. 201(b); *Dawson*, 451 F.3d at 551 n.1. Where appropriate, a respondent may file a motion for summary dismissal, rather than an answer. *White v. Lewis*, 874 F.2d 599, 602 (9th Cir. 1989).

**2. Claim 4 Is Subject to Dismissal as Noncognizable**

Federal habeas corpus is available only if the petitioner "is in custody in violation of the Constitution or laws or treaties *of the United States*." 28 U.S.C. § 2254(a) (emphasis added). That is, only federal claims may be raised in habeas corpus. "[F]ederal habeas corpus relief does not lie for errors of state law," *Lewis v. Jeffers*, 497 U.S. 764,

780 (1990), such as claims of error during state post-conviction proceedings, *Franzen v. Brinkman*, 877 F.2d 26, 26 (9th Cir. 1989) (per curiam).

Claim 4 asserts error during Petitioner's state post-conviction proceedings. Because Claim 4 does not assert a violation of federal law, it is not cognizable and must be dismissed. *See Franzen*, 877 F.2d at 26.

**3.     Claims 1(b), 1(c), 4, and 6 Are Subject to Dismissal as Procedurally Defaulted**

   *A.     Procedural Default Standards of Law*

A habeas petitioner must exhaust his or her remedies in the state courts before a federal court can grant relief on constitutional claims. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). To do so, the petitioner must invoke one complete round of the state's established appellate review process, fairly presenting all constitutional claims to the state courts so that they have a full and fair opportunity to correct alleged constitutional errors at each level of appellate review. *Id.* at 845. In a state that has the possibility of discretionary review in the highest appellate court, like Idaho, the petitioner must have presented all of his federal claims at least in a petition seeking review before that court. *Id.* at 847. "Fair presentation" requires a petitioner to describe both the operative facts and the legal theories upon which the federal claim is based. *Gray v. Netherland*, 518 U.S. 152, 162-63 (1996).

The mere similarity between a federal claim and a state law claim, without more, does not satisfy the requirement of fair presentation. *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam). General references in state court to "broad constitutional principles, such as due process, equal protection, [or] the right to a fair trial," are likewise

MEMORANDUM DECISION AND ORDER - 5

insufficient. *See Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999). For proper exhaustion, a petitioner must bring his federal claim before the state court by "explicitly" citing the federal legal basis for his claim. *Lyons v. Crawford*, 232 F.3d 666, 669 (9th Cir. 2000), *as amended*, 247 F.3d 904 (9th Cir. 2001).

When a habeas petitioner has not fairly presented a constitutional claim to the highest state court, and the state court would now refuse to consider it because of the state's procedural rules, the claim is said to be procedurally defaulted. *Gray*, 518 U.S. at 161-62. Procedurally defaulted claims include the following: (1) when a petitioner has completely failed to raise a claim before the Idaho courts; (2) when a petitioner has raised a claim, but has failed to fully and fairly present it as a *federal* claim to the Idaho courts; and (3) when the Idaho courts have rejected a claim on an adequate and independent state procedural ground. *Id.*; *Baldwin v. Reese*, 541 U.S. 27, 32 (2004); *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

"To qualify as an adequate procedural ground, a state rule must be firmly established and regularly followed." *Walker v. Martin*, 562 U.S. 307, 316 (2011) (internal quotation marks omitted). That is, the state procedural bar must be one that is "'clear, consistently applied, and well-established at the time of the petitioner's purported default.'" *Martinez v. Klauser*, 266 F.3d 1091, 1093-94 (9th Cir. 2001) (quoting *Wells v. Maass*, 28 F.3d 1005, 1010 (9th Cir. 1994)). A state procedural bar can be considered adequate even if it is a discretionary rule, and even though "the appropriate exercise of discretion may permit consideration of a federal claim in some cases but not others."

*Beard v. Kindler*, 558 U.S. 53, 61 (2009). A state rule's "use of an imprecise standard . . . is no justification for depriving a rule's language of any meaning." *Walker*, 562 U.S. at 318 (internal quotation marks and alteration omitted).

A state procedural bar is "independent" of federal law if it does not rest on, and if it is not interwoven with, federal grounds. *Bennett v. Mueller*, 322 F.3d 573, 581 (9th Cir. 2003). A rule will not be deemed independent of federal law "if the state has made application of the procedural bar depend on an antecedent ruling on federal law such as the determination of whether federal constitutional error has been committed." *Id.* (internal quotation marks and alteration omitted); *see also Ake v. Oklahoma*, 470 U.S. 68, 75 (1985) (stating that "when resolution of the state procedural law question depends on a federal constitutional ruling, the state-law prong of the court's holding is not independent of federal law, and our jurisdiction is not precluded," and holding that a state waiver rule was not independent because, "[b]efore applying the waiver doctrine to a constitutional question, the state court must rule, either explicitly or implicitly, on the merits of the constitutional question").

Once the state sufficiently pleads the existence of an adequate and independent state procedural bar, the burden shifts to the petitioner to establish that the rule is not adequate or is dependent on federal law. "The petitioner may satisfy this burden by asserting specific factual allegations that demonstrate the inadequacy of the state procedure, including citation to authority demonstrating inconsistent application of the

rule." *Bennett*, 322 F.3d at 586. The ultimate burden to show that the procedural rule is adequate and independent, however, remains with the state.

### B. Claims 1(b), 1(c), 4, and 6 Are Procedurally Defaulted

The most straightforward way to resolve the exhaustion and procedural default status of Petitioner's habeas claims is to review which claims were raised and addressed on the merits in the state court appellate proceedings.

i. Direct Appeal

Petitioner filed a direct appeal from his conviction and sentence, as well as from the trial court's denial of his Rule 35 motion. In that appeal, Petitioner initially raised both Claims 5 and 6. (State's Lodging B-1 at 9, 18.) After the Idaho Court of Appeals rejected these claims, Petitioner raised Claim 5 in his petition for review with the Idaho Supreme Court. (State's Lodging B-6 at 18-28.)

Although the petition for review also asserted a claim similar to Claim 6, Petitioner included it only as a state-law claim, relying on Idaho Code § 19-852 and on Idaho state court precedent.[2] (*Id.* at 8-18.) Petitioner omitted reference to the Sixth Amendment. (*Id.*) Therefore, only Claim 5 was raised to the Idaho Supreme Court on direct appeal, and only Claim 5 was adjudicated on the merits by that court when it denied the petition for review. (State's Lodging B-7.)

---

[2] Petitioner did cite one federal district court case with respect to his right-to-counsel argument in his petition for review. (State's Lodging B-6 at 9, citing *United States v. Morales*, 498 F. Supp. 139 (E.D.N.Y. 1980).) However, that case dealt with the statutory right to counsel in federal proceedings, not the Sixth Amendment right to counsel. *Id.* at 142. Thus, citing to *Morales* did not constitute fair presentation of Petitioner's Sixth Amendment claim as set forth in Claim 6.

MEMORANDUM DECISION AND ORDER - 8

ii.     Post-Conviction Appeal

On appeal from the dismissal of Petitioner's post-conviction petition, Petitioner raised Claims 1 (including all sub-claims), 2, and 3. (State's Lodging D-6.)

Petitioner also raised a claim similar to Claim 4, but he argued only violations of Idaho state law. (*Id.* at 14-16.) Therefore, in addition to being noncognizable, Claim 4—to the extent it could be considered as relying on federal law—is also procedurally defaulted.

With respect to Claims 1(a) and (2), the Idaho Court of Appeals noted that Petitioner did not provide the appellate court with the record from the underlying criminal case:

> It is the responsibility of the appellant to provide a sufficient record to substantiate his or her claims on appeal. *State v. Murinko*, 108 Idaho 872, 873, 702 P.2d 910, 911 (Ct. App. 1985). In the absence of an adequate record on appeal to support the appellant's claims, we will not presume error. *State v. Beason*, 119 Idaho 103, 105, 803 P.2d 1009, 1011 (Ct. App. 1991).

(State's Lodging D-9 at 6.) But the court did not decline to consider Claims 1(a) and 2 *because* of Petitioner's failure to abide by that procedural requirement, though it certainly could have. Instead, the court of appeals went on to conclude, based on the only admissible evidence in the record, that Petitioner had "failed to plead a prima facie case that his counsel's alleged failure to investigate [in the manner described in Claims 1(a) and 2] constituted deficient performance and that he was prejudiced by the alleged failure." (*Id.* at 7.) This is a merits-based determination. Thus, contrary to Respondent's

argument, Claims 1(a) and 2 are not procedurally defaulted. The Idaho Court of Appeals also rejected Claim 3 on the merits. (*Id*. at 8-9.)

However, the appellate court declined to address the merits of Claims 1(b) and 1(c). The court found that Petitioner did not raise these claims in the amended petition in the state district court during initial post-conviction proceedings, nor did he incorporate his initial petition—which did contain Claims 1(b) and 1(c)—by reference. (*Id*. at 5 n.1.)

Idaho appellate courts generally will not consider arguments made for the first time on appeal. *See Row v. State*, 21 P.3d 895, 902 (Idaho 2001) ("The longstanding rule of this Court is that we will not consider issues that are raised for the first time on appeal."). Petitioner has not shown that this state procedural rule was unclear, inconsistently applied, or not well-established at the time of the default. *See Klauser*, 266 F.3d at 1093-94. Further, this Court has already held that the Idaho courts' rule requiring that an objection be made, or an issue raised, in the trial court is adequate and independent. *Nelson v. Blades*, No. CV 04-001-S-LMB, 2009 WL 790172, at *8 (D. Idaho Mar. 23, 2009). As a result, Claims 1(b) and 1(c) are procedurally defaulted.

      iii.      <u>Conclusion as to Procedural Default</u>

In state court proceedings, Petitioner properly raised—and the Idaho appellate courts addressed on the merits—only Claims 1(a), 2, 3, and 5. Therefore, Claims 1(b), 1(c), 4, and 6 are procedurally defaulted.

### C. Petitioner Has Not Established a Legal Excuse for the Default of Claims 1(b), 1(c), 4, or 6

The Court's conclusion that some of Petitioner's claims are procedurally defaulted does not end the inquiry. Even if claim is procedurally defaulted, a federal district court still can hear the merits of that claim if the petitioner meets one of two exceptions: (1) a showing of adequate legal cause for the default and prejudice arising from the default, or (2) a showing of actual innocence.[3] *Murray v. Carrier*, 477 U.S. 478, 488 (1986), *Schlup v. Delo*, 513 U.S. 298, 329 (1995).

To show "cause" for a procedural default, a petitioner must ordinarily demonstrate that some objective factor external to the defense impeded his or his counsel's efforts to comply with the state procedural rule at issue. *Murray*, 477 U.S. at 488. To show "prejudice," a petitioner generally bears "the burden of showing not merely that the errors [in his proceeding] constituted a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire [proceeding] with errors of constitutional dimension." *United States v. Frady*, 456 U.S. 152, 170 (1982).

Ineffective assistance of counsel ("IAC") may constitute cause for a default. For example, the failure on appeal to raise a meritorious claim of trial error—or the failure at trial to preserve a claim for appeal—may render that claim procedurally defaulted. *See Edwards v. Carpenter*, 529 U.S. 446, 452 (2000) ("[I]n certain circumstances counsel's

---

[3] Neither an assertion of cause and prejudice nor an assertion of actual innocence under *Schlup* is an independent constitutional claim. Rather, these are federal procedural arguments that, if sufficiently established by a petitioner, allow a federal court to consider the merits of an otherwise procedurally-defaulted constitutional claim.

MEMORANDUM DECISION AND ORDER - 11

ineffectiveness in failing properly to preserve the claim for review in state court will suffice."). However, for IAC—whether at trial or on direct appeal—to serve as cause to excuse a default, that IAC claim must itself have been separately presented to the state appellate courts. *Id.* ("A claim of ineffective assistance ... generally must be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default.") (internal quotation marks and alteration omitted).

In other words, before a federal court can consider ineffective assistance of trial or direct appeal counsel as cause to excuse the default of an underlying habeas claim, a petitioner generally must have presented the ineffective assistance of counsel claim in a procedurally proper manner to the state courts, such as in a post-conviction relief petition, including through the level of the Idaho Supreme Court. If the ineffective assistance asserted as cause was not fairly presented to the state courts, a petitioner must show an excuse for that separate default, as well. *Id.* at 453 ("[A]n ineffective-assistance-of-counsel claim asserted as cause for the procedural default of another claim can itself be procedurally defaulted.").

A petitioner does not have a federal constitutional right to the effective assistance of counsel during state post-conviction proceedings. *Pennsylvania v. Finley*, 481 U.S. 551, 554 (1987); *Bonin v. Vasquez*, 999 F.2d 425, 430 (9th Cir. 1993). Therefore, the general rule is that any errors of counsel during a post-conviction action cannot serve as cause to excuse a procedural default. *Coleman*, 501 U.S. at 752.

However, the Supreme Court established an exception to this general rule in *Martinez v. Ryan*, 566 U.S. 1 (2012). *Martinez* held that, in limited circumstances, "[i]nadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." *Id.* at 9. *Martinez* does not apply to any claims other than ineffective-assistance-of-trial-counsel ("IATC") claims, and it can apply only if the underlying IATC claim is both exhausted and procedurally defaulted. *Davila v. Davis*, 137 S. Ct. 2058, 2063 (2017) (holding that *Martinez* does not apply to underlying claims of ineffective assistance of direct appeal counsel); *Hunton v. Sinclair*, 732 F.3d 1124, 1126-27 (9th Cir. 2013) (holding that *Martinez* does not apply to claims under *Brady v. Maryland*); *Creech v. Ramirez*, No. 1:99-CV-00224-BLW, 2016 WL 8605324, at *21 (D. Idaho Jan. 29, 2016) (holding that claims were not subject to *Martinez* because they were not fundamentally altered from claims decided on the merits in state court proceedings and, therefore, were not procedurally defaulted).

The *Martinez* cause-and-prejudice test consists of four necessary prongs: (1) the underlying IATC claim must be a "substantial" claim; (2) the "cause" for the procedural default consists of there being "no counsel" or only "ineffective" counsel during the state collateral review proceeding; (3) the state collateral review proceeding was the "initial" collateral review proceeding where the IATC claim could have been brought[4]; and (4)

---

[4] The *Martinez* exception applies only to trial-counsel IAC claims that were defaulted in the initial-review collateral proceeding—a petitioner may not use, as cause to excuse a default, any attorney error that occurred in "appeals from initial-review collateral proceedings, second or successive collateral

state law requires that an IATC claim be raised in an initial-review collateral proceeding, or by "design and operation" such claims must be raised that way, rather than on direct appeal. *Trevino v. Thaler*, 569 U.S. 416, 423, 429 (2013). The failure to meet any of these four prongs means that the *Martinez* exception is unavailable to excuse the procedural default of a claim.

To show that a claim is "substantial" under *Martinez*, a petitioner must point to evidence demonstrating that the underlying ineffectiveness claim has "some merit." *Martinez*, 556 U.S. at 14. That is, the petitioner must submit at least *some* evidence tending to show (a) that trial counsel performed deficiently in handling some aspect of pretrial or trial duties and (b) that the deficient performance harmed the defense, which is defined as a reasonable probability of a different outcome at trial. *Strickland v. Washington*, 466 U.S. 668, 695-96 (1984).

Even if an underlying claim is substantial under *Martinez*, a petitioner must also show that ineffective assistance of post-conviction counsel in the initial-review collateral proceedings caused the default of that claim. That requires a showing not just that the claim was omitted or not fully pursued in the initial post-conviction action, but that the post-conviction attorney in the initial post-conviction matter was constitutionally ineffective—meaning that (1) post-conviction counsel performed deficiently in failing to raise or fully pursue the claim, and (2) there is a reasonable probability that the deficient performance resulted in prejudice in the post-conviction proceedings. *Clabourne v. Ryan*,

---

proceedings, and petitions for discretionary review in a State's appellate courts." *Martinez*, 566 U.S. at 16.

745 F.3d 362, 377 (9th Cir. 2014), *overruled on other grounds by McKinney v. Ryan*, 813 F.3d 798 (9th Cir. 2015) (en banc); *see also Runningeagle v. Ryan*, 825 F.3d 970, 982 (9th Cir. 2016) ("Construing *Martinez*, we have held that, to fulfill this requirement, a petitioner must show not only that [post-conviction review] counsel performed deficiently, but also that this prejudiced the petitioner ....").

In asserting cause and prejudice, Petitioner seeks application of the *Martinez* exception. Because Claims 4 and 6 are not IAC claims, the only claims potentially subject to *Martinez* are Claims 1(b) and 1(c).

Claims 1(b) and 1(c) were defaulted in the Petitioner's initial-review collateral proceeding, when his counsel omitted them from the amended petition. However, Petitioner has not rebutted the presumption that his post-conviction counsel's decision to do so was a reasonable litigation strategy. *See Strickland v. Washington*, 466 U.S. 668, 689 (1984). Not all claims in post-conviction proceedings have an equal chance of success, and Petitioner's counsel reasonably could have concluded that Claims 1(b) and 1(c) were unlikely to succeed and, therefore, decided to focus on Claims 1(a), 2, and 3.

Moreover, the record does not establish a reasonable probability that if Petitioner's counsel had included Claims 1(b) and 1(c) in the amended petition, Petitioner would have been granted post-conviction relief. Therefore, *Martinez* does not apply to excuse the default of Claims 1(b) and 1(c).

Petitioner also appears to assert that his post-conviction appellate counsel abandoned him when counsel withdrew from representation. In *Maples v. Thomas*, the

Supreme Court held that abandonment by a post-conviction appellate attorney can constitute cause to excuse a procedural default. 565 U.S. 266, 288-89 (2012). However, to establish abandonment by post-conviction counsel, a petitioner must show that his attorney's inaction was so egregious that it effectively severed the attorney-client relationship and left the petitioner "without any functioning attorney of record." *Id*. at 288; *see id.* at 281 ("Having severed the principal-agent relationship, an attorney no longer acts, or fails to act, as the client's representative.").

However, *Maples* applies only when the attorney-client relationship is effectively severed without the knowledge of the client; it does not apply when the post-conviction attorney properly withdraws from representation so that the petitioner is aware of the need either to proceed pro se or to obtain another post-conviction attorney. Therefore, the fact that Petitioner's post-conviction appellate counsel withdrew from representation does not constitute cause to excuse the procedural default of any of his claims.

To the extent Petitioner claims that his direct appeal counsel rendered ineffective assistance so as to excuse the default of Claim 6—which was presented only as a state law claim to the Idaho Supreme Court—he did not separately exhaust any such claim as required by *Edwards*, 529 U.S. at 452. Thus, Petitioner has not established cause and prejudice based on the actions of direct appeal counsel.

For the foregoing reasons, Petitioner has not shown cause and prejudice to excuse the procedural default of Claims 1(b), 1(c), 4, and 6.

### D. Petitioner Has Not Shown Actual Innocence to Excuse the Default

If a petitioner cannot show cause and prejudice for his procedural default, he still can bring the claim in a federal habeas petition if he demonstrates that failure to consider the claim will result in a "fundamental miscarriage of justice." *Murray v. Carrier*, 477 U.S. at 496. That standard requires proof that a constitutional violation has probably resulted in the conviction of someone who is actually innocent. *Id.* Actual innocence in this context "means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998).

A habeas proceeding is not a proper forum in which to re-litigate an entire case that has already been tried. Instead, "[w]hen confronted with a challenge based on trial evidence, courts presume the jury resolved evidentiary disputes reasonably so long as sufficient evidence supports the verdict." *House v. Bell*, 547 U.S. at 539. In asserting actual innocence, a petitioner must "support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). A procedurally defaulted claim may be heard under the actual-innocence exception only if, "in light of all of the evidence, 'it is more likely than not that no reasonable juror would have found [the petitioner] guilty beyond a reasonable doubt.'" *United States v. Avery*, 719 F.3d 1080, 1083 (9th Cir. 2013) (quoting *Schlup*, 513 U.S. at 327). Stated another way, the petitioner must show that, but for the constitutional error, *every* reasonable juror would vote to acquit.

This is a particularly exacting standard, one that will be satisfied "only in the extraordinary case." *House*, 547 U.S. at 538 (internal quotation marks omitted). Indeed, cases where the *Schlup* standard has been satisfied have "typically involved dramatic new evidence of innocence." *Larsen v. Soto*, 742 F.3d 1083, 1096 (9th Cir. 2013).

A court considering whether a petitioner has established actual innocence must consider "all the evidence, old and new, incriminating and exculpatory, admissible at trial or not." *Lee v. Lampert*, 653 F.3d 929, 938 (9th Cir. 2011) (en banc) (internal quotation marks omitted). An actual innocence analysis "requires a holistic judgment about all the evidence and its likely effect on reasonable jurors applying the reasonable-doubt standard"; in other words, the federal court must "make a probabilistic determination about what reasonable, properly instructed jurors would do." *House*, 547 U.S. at 538-39 (2006) (internal quotation marks omitted).

Petitioner has submitted no new, reliable evidence that he is actually innocent. Therefore, the default of Claims 1(b), 1(c), 4, and 6 is not excused under *Schlup*.

## CONCLUSION

Claims 1(b), 1(c), 4, and 6 are procedurally defaulted without legal excuse. Therefore, these claims will be dismissed.

## ORDER

**IT IS ORDERED:**

1. Petitioner's Motion for Extension of Time (Dkt. 16) is GRANTED.

2. Respondent's Motion for Extension of Time (Dkt. 19) is GRANTED.

3. Respondent's Motion for Partial Summary Dismissal (Dkt. 14) is GRANTED IN PART and DENIED IN PART. Claims 1(b), 1(c), 4, and 6 are DISMISSED with prejudice.

4. Respondent must file an answer and brief as to the remaining claims—Claims 1(a), 2, 3, and 5—within 60 days of the date of this Order. Petitioner must file a reply, containing a brief rebutting Respondent's answer and brief, which must be filed and served within 28 days after service of the answer and brief. Respondent has the option of filing a sur-reply within 14 days after service of the reply. At that point, the case will be deemed ready for a final decision.

DATED: January 13, 2020

Ronald E. Bush
Chief U.S. Magistrate Judge